STATE OF LOUISIANA        *        NO. 2022-K-0842

VERSUS        *

       COURT OF APPEAL

FELTON THOMPSON        *

       FOURTH CIRCUIT

       *

       STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 543-874, SECTION "SECTION E"
Judge Rhonda Goode-Douglas,
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Tiffany Gautier Chase,
Judge Nakisha Ervin-Knott)

Richard Bourke
Russell Barksdale
636 Baronne Street
New Orleans, LA 70113

COUNSEL FOR APPLICANT/DEFENDANT


Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
CHIEF OF APPEALS
Thomas Frederick
ASSISTANT DISTRICT ATTORNEY
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White Street
New Orleans, LA 70119

COUNSEL FOR RESPONDENT/STATE OF LOUISIANA


**WRIT GRANTED; REVERSED**
**February 15, 2023**

Felton Thompson ("Defendant") seeks review of the trial court's November 17, 2022 ruling denying his *Motion to Quash Bill of Information Due to Prescription*. For the following reasons, we grant Defendant's writ and reverse the trial court's ruling.

## FACTUAL AND PROCEDURAL HISTORY

On December 17, 2018, the State of Louisiana (hereinafter "the State") filed a bill of information for one count of armed robbery and one count of possession of a firearm or weapon by a felon arising from an incident that occurred on June 22, 2017. At the time the bill of information was filed, Defendant was already in the State's custody in Calcasieu Parish on a charge of first degree murder. Arraignment was originally set for January 11, 2019 in Orleans Criminal District Court (hereinafter "Criminal District Court"), and then reset for February 1, 2019. Both times, Defendant did not appear. The State issued a subpoena for him to appear at the February 1, 2019 hearing; however, the return reflects that the subpoena was never served. Nevertheless, the district attorney represented that Defendant had been served, and the district court issued an alias capias for his failure to appear. The case was continued without date. At all relevant times,

1

Defendant remained in the State's custody in Calcasieu Parish, but the State did not arrange for him to appear for the scheduled arraignment hearings.

On March 21, 2022, the State filed a writ for the Defendant's appearance, and he was finally arraigned on May 23, 2022. On August 3, 2022, Defendant filed a motion to quash the bill of information, alleging that the State violated La. C.Cr.P. art. 578 by failing to bring his case to trial within two years of prosecution. The district court heard the merits of the motion on October 14, 2022 and issued a written ruling denying the motion on November 17, 2022.

**DISCUSSION**

"A ruling on a motion to quash involving a speedy trial violation is a mixed question of law and fact." *State v. Thomas*, 2013-0816, p. 6 (La. App. 4 Cir. 3/19/14), 138 So. 3d 92, 97. This Court will review factual determinations made by the trial court for abuse of discretion and legal conclusions *de novo*. *See id*. Defendant alleges that the trial court erred in denying his motion to quash on that basis that the Louisiana Supreme Court's and Criminal District Court's COVID-19 orders interrupted prescription under La. C.Cr.P. art. 578. At the hearing on the motion to quash, Defendant argued that the various COVID-19 orders issued by the Louisiana Supreme Court (hereinafter the "Supreme Court") and Criminal District Court suspended the prescriptive period under the article. Conversely, the State argued that these orders interrupted the prescriptive period, thus restarting anew the time limitations under the article. In its ruling, the trial court agreed with the State and found that the various COVID-19 orders interrupted prescription. The question of whether the COVID-19 orders interrupted prescription is a legal question. Thus, we review the district court's finding *de novo*.

2

*La. C.Cr.P. art. 578*

No trial shall commence after two years from the date of institution of prosecution in non-capital felony cases. La. C.Cr.P. art. 578(A)(2). Prosecution is initiated when the State files a bill of information. *State v. Sorden*, 2009-1416, p. 4 (La. App. 4 Cir. 8/04/10), 45 So. 3d 181, 184. In this case, the State filed the bill of information formally charging Defendant on December 17, 2018. As such, the State had until December 17, 2020 to bring Defendant's case to trial, unless the period of limitation was suspended or interrupted.

When prescription is suspended, the period of suspension is not counted, and prescription will continue to run again upon the termination of the period of suspension. La. C.C. art. 3472. However, if prescription is interrupted, prescription will commence to run anew from the last day of the interruption. La. C.C. art. 3466. Article 579(A)(2) of the Louisiana Code of Criminal Procedure provides that the two-year period of limitation will be interrupted if the defendant cannot be tried for any cause "beyond the control of the state." In other words, "[a]n interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute . . . ." *State v. Rome*, 1993-1221 (La. 1/14/94), 630 So. 2d 1284, 1286. Once the cause of the interruption ceases, then the period of limitation will commence to run anew. La. C.Cr.P. art. 579(B).

Once a defendant asserts a facially meritorious motion to quash, the State bears the burden of showing that the running of prescription was interrupted. *State v. Thibodeaux*, 2019-0609, pp. 4-5 (La. App. 4 Cir. 12/04/19), 286 So. 3d 513, 516 (quoting *Thomas*, 2013-0816, p. 5, 138 So. 3d at 97). This requires that the State show that it exercised due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial. *Id.*,

3

2019-0609, p. 5, 286 So. 3d at 517 (quoting *State v. Romar*, 2007-2140, p. 3 (La. 7/1/08), 985 So. 2d 722, 725).

### *The Louisiana Supreme Court's COVID-19 Orders*

On March 16, 2020, the Supreme Court issued an order that read, in pertinent part:

> 1. All jury trials, both civil and criminal, scheduled to commence in any Louisiana state court . . . are hereby **continued** to a date to be reset by local order. . . .
>
> . . .
>
> 3. Criminal initial appearances for adults and juveniles, **arraignments for incarcerated individuals** and bond hearings **shall continue** as scheduled and shall be conducted with the use of telephone and video conferencing whenever possible.
>
> . . .
>
> 6. Given the public health concerns and the necessity of taking action to slow the spread of the disease, the continuances occasioned by this Order serve the ends of justice and outweigh the best interest of the public and the defendant in a speedy trial. Therefore, the time periods of **such continuances shall be excluded from speedy trial computations** pursuant to law, including but not limited to those set forth in the Louisiana Code of Criminal Procedure and the Louisiana Children's Code, and presumptively constitute just cause.

(Emphasis added). The subsequent orders issued by the Supreme Court used similar language. The orders issued by the Supreme Court never indicated that the deadlines under La. C.Cr.P. art. 578 were interrupted. To the contrary, the orders imply that the continuances suspended the time period for speedy trial compensations.

In its ruling, the trial court relied on a case from the Louisiana Court of Appeals, Third Circuit, which dealt with the question of whether the Supreme Court's COVID-19 orders interrupted prescription under La. C.Cr.P. art. 578. *See State v. Simmons*, 2022-208 (La. App. 3 Cir. 10/19/22), 350 So. 3d 599. In

4

*Simmons*, the Third Circuit looked to the language used in the orders, and it explicitly found that the Supreme Court's COVID-19 orders suspended prescription.

### *Orleans Criminal District Court's COVID-19 Orders*

Similar to the Supreme Court, Criminal District Court issued its own orders in response to the COVID-19 pandemic. On March 15, 2020, Criminal District Court issued an order that suspended all jury trials and criminal proceedings. However, in line with the Supreme Court's order, it also mandated that all first appearances be held via audio or video conferencing. Subsequent orders issued by the court used the same language. On May 26, 2020, Criminal District Court issued an order re-opening the building to the public. Again, the order indicated that jury trials remained suspended but also that all criminal matters for incarcerated individuals would continue to proceed by audio or video conferencing. Thereafter, Criminal District Court would keep jury trials suspended until September 20, 2021.

### *Defendant's Motion to Quash*

Given the above, we find that the district court erred when it found that the Supreme Court's COVID-19 orders and moratorium on jury trials interrupted the prescriptive period under La. C.Cr.P. art. 578. Further, we find that the State failed to meet its burden in showing that the prescriptive period was interrupted.

As noted earlier, the State began its prosecution on December 17, 2018, and the period to bring Defendant to trial would have expired on December 17, 2020.[1] However, the Supreme Court's COVID-19 orders suspended the prescriptive period for speedy trial computations between March 16, 2020 and June 30, 2020.

---

[1] Both the State and Defendant admit that December 17, 2020 would have been the last day to bring this case to trial.

5

At the time the suspension began, 276 days remained for the State to bring Defendant's case to trial. The Supreme Court suspended all prescriptive periods from August 21, 2020 to September 20, 2020 for Hurricane Laura, and it suspended jury trials again from January 11, 2021 to April 1, 2021 due to an uptick in COVID-19 cases. Taking all of this into account, the State would have had until July 2021 to bring the Defendant's case to trial. It did not do so. Therefore, the period to bring Defendant's case to trial lapsed, and the trial court erred in denying Defendant's motion to quash.

Even assuming that Criminal District Court's continuance of jury trials suspended the prescriptive period under La. C.Cr.P. art. 578, the State still failed to timely bring the Defendant's case to trial. Again, 276 days remained when the Supreme Court and Criminal District Court first suspended jury trials. Criminal District Court suspended jury trials from March 16, 2020 until September 13, 2021. In the wake of Hurricane Ida, both Criminal District Court and the Supreme Court issued orders that collectively suspended all legal time computations from August 26, 2021 until October 26, 2021. The prescriptive period with the remaining 276 days resumed on October 26, 2021. On January 4, 2022, Criminal District Court suspended jury trials again until March 7, 2022. When the prescriptive period resumed on March 7, 2022, 206 days remained for the State to bring the Defendant to trial. Under this calculation, the State would have had until September 2022 to bring the Defendant's case to trial. It did not do so, and the time period under La. C.Cr.P. art. 578 lapsed.

In its opposition, the State heavily relied on the fact that jury trials were suspended at Criminal District Court and argued that it could not have brought the Defendant to trial. We find this argument to be without merit. The prescriptive

6

period to bring a defendant to trial is interrupted if (1) the defendant is absent, (2) the defendant cannot be tried for a cause beyond the control of the state, or (3) the defendant fails to appear for a proceeding after receiving actual notice. *See* La. C.Cr.P. art. 579(A). None of these are applicable to this case.

At all pertinent times, Defendants was incarcerated and within the State's custody. Despite this, the State failed to properly serve him and bring him into court for arraignment. Although jury trials were suspended, the orders issued by the Supreme Court and Criminal District Court made clear that first appearances and arraignments would still take place via alternative means. However, because the State failed to bring the Defendant for arraignment, Defendant never had the opportunity to choose between a judge or jury trial. Given that the COVID-19 orders merely suspended jury trials and the State had custody of Defendant, the State failed show to that a cause beyond its control interrupted the prescriptive period.

## DECREE

For the foregoing reasons, we grant Defendant's writ application and reverse the trial court's November 17, 2022 ruling denying Defendant's motion to quash.

**WRIT GRANTED; REVERSED.**

7